NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellant,*

v.

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellee,*

**and**

**COASTAL LINERS, LLC,**
*Counterclaimant-Appellee.*

---

2010-1119

---

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0274, Judge Ron Clark.

---

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellee,*

v.

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellant,*

**and**

**COASTAL LINERS, LLC,**
*Counterclaimant.*

---

2010-1269

---

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0274, Judge Ron Clark.

---

**ON MOTION**

---

Before RADER, *Chief Judge*, BRYSON and MOORE, *Circuit Judges.*

RADER, *Chief Judge.*

### ORDER

The parties jointly move for remand of 2010-1119 due to settlement. The parties jointly move to dismiss 2010-1269. Alps South, LLC moves for leave to file a brief amicus curiae in 2010-1119 or in the alternative for leave to intervene and oppose the motion to remand. Alps South also moves for leave to file an opposition to the motion to remand.

The parties state that they have settled the case and move to remand 2010-1119 so that the United States District Court for the Eastern District of Texas can consider whether to vacate the district court's order and final judgment to the extent the district court held that United States Patent No. 7,291,182 is invalid.

When a case becomes moot through "happenstance," it is the usual procedure of an appellate court to reverse or

vacate the underlying judgment and remand with a direction to dismiss. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950). This procedure "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *Id.* at 40. However, when a case becomes moot while on review due to settlement between the parties, "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). *Bancorp* further discussed "the relevance of our holding to motions at the court-of-appeals level for vacatur of district-court judgments." *Id.* at 28. The Court stated:

> We hold that mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur-which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

*Id.* at 29.

The parties do not discuss what if any exceptional circumstances there are in this case for the district court to consider. Before we determine whether to remand or dismiss this appeal due to settlement, we direct the parties to respond concerning what exceptional circumstances would be presented for the district court that would justify this court remanding to the district court. It is reasonably clear from our reading of *Bancorp* that settlement itself is not an exceptional circumstance which necessarily warrants vacatur of a district court judgment. *Bancorp*, 513 U.S. at 29. And we have refused to vacate a district court's judgment concerning invalidity when the case became moot due to settlement, after a district court also denied a request to vacate the invalidity judgment, because there were no exceptional circumstances. *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216 (Fed. Cir. 2001) (no exceptional circumstances required departure from the general rule of *Bancorp* that vacatur was inappropriate when parties had settled action).

Accordingly,

IT IS ORDERED THAT:

(1) The parties are directed to inform this court, no later than August 9, 2010, concerning what exceptional circumstances they intend to assert before the district court that would warrant a remand by this court. The parties should attach to their response a copy of the settlement agreement. The parties may, if necessary, file confidential and nonconfidential versions of their response.

(2) The motions are held in abeyance.

FOR THE COURT

JUL 2 9 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Jeffrey S. Standley, Esq.
     Richard E. Fee, Esq.

s8

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 2 9 2010

JAN HORBALY
CLERK